```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

KERMIT IRIZARRY,

                Defendant.

1:21-cr-60-MKV

**ORDER GRANTING IN PART
AND DENYING IN PART MOTION
FOR SENTENCE REDUCTION**

MARY KAY VYSKOCIL, United States District Judge:

      The defendant, Kermit Irizarry, pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g), which crime he committed while on supervised release for another crime [ECF Nos. 33, 35]. On January 10, 2022, Defendant was sentenced principally to a term of 84 months of imprisonment [ECF No. 33]. Thereafter, defense counsel filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively [ECF No. 41 ("Def. Mem")]. The United States Probation Office and the Government agree that Defendant is eligible for a sentence reduction [ECF Nos. 37, 42 ("Gov. Mem.")].

      In particular, Defendant is eligible for a reduction in his sentence pursuant to Part A of Amendment 821, which amends Guidelines § 4A1.1, because the defendant committed the offense for which he is presently serving a sentence in this case while serving a prior criminal justice sentence. At the time of his sentencing in this case, the defendant received a two-point increase, pursuant to U.S.S.G.§ 4A1.1(d), for committing his offense while on supervised release, which resulted in a criminal history score of 13 and placed him in criminal history category VI [ECF No. 29 ("Original PSR") ¶ 33]. Under Amendment 821, however, the defendant receives only a one-point increase for committing his offense while on supervised release, resulting in a criminal

history score of 12 and placing him in criminal history category V [ECF No. 37 ("Revised PSR") at 2]. As such, pursuant to Part A of Amendment 821, Defendant's Amended Guidelines Range is 70 to 87 months of imprisonment, which is lower than the Guidelines Range of 77 to 96 months of imprisonment that the Court consulted at Defendant's sentencing.

Having concluded that the defendant is eligible for relief, the Court must consider whether any reduction in sentence is warranted in light of the factors set forth in 18 U.S.C. § 3553(a). *See Dillon v. United States*, 560 U.S. 817, 826 (2010). Defendant moves the Court to reduce his sentence to 70 months, which is the bottom of the Amended Guidelines Range. *See* Def. Mem. at 1, 3–4. The Government argues that the Court should deny any reduction in sentence. *See* Gov. Mem. at 3–5.

The Court has carefully considered the record in this case, all of the arguments in the parties' submissions, the reasoning of the United States Sentencing Commission in amending the Guidelines, and the § 3553(a) factors. As the defense points out, when imposing Defendant's sentence in this case, the Court stated that a sentence "in the middle of the guidelines range" was appropriate [ECF No. 35 ("Tr.") at 20:23]. *See* Def. Mem. at 3. The Court also stressed at the time of sentencing the "strong need for deterrence" in this particular case, however. Tr. at 20:24. Amendment 821 does not change the Court's reasoning with respect to the need for deterrence. Furthermore, "the defendant has continued to amass disciplinary infractions" while "incarcerated on this charge." Gov. Mem. at 4–5. The defense argues that "nothing about [Defendant's] post-sentencing conduct" makes a sentencing reduction "inappropriate." Def. Mem. at 4. However, Defendant's post-sentencing conduct confirms that the need for deterrence is a compelling consideration in this case and undermines Defendant's contention that he will naturally age out of recidivism by the time of his release. *See id.* at 3–4.

Based on the Court's careful consideration of all of the parties' arguments and all of the 3553(a) factors, the Defendant's motion for a sentence reduction pursuant to Amendment 821 is GRANTED in part and DENIED in part. IT IS HEREBY ORDERED that Defendant's sentence of imprisonment shall be reduced from 84 month to 78 months.

**SO ORDERED.**

**Dated: May 5, 2025**
   **New York, NY**                                                      _____
                                                                          **MARY KAY VYSKOCIL**
                                                                          **United States District Judge**